■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BROWN, Appellant. [650 NYS2d 984] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 9, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

County (Murphy, J.), rendered December 1, 1994, as amended December 8, 1994, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment, as amended, is affirmed.

The hearing court properly denied the defendant's motion to suppress statements he made to the police and drugs recovered from his person. The evidence presented at the hearing established that the detectives had a sufficient factual basis upon which to justify stopping and questioning the defendant *(see, People v De Bour,* 40 NY2d 210, 223; *People v Hollman,* 79 NY2d 181, 192). When, in response to the questioning, the defendant showed the detectives his drugs, the detectives had probable cause to arrest the defendant. The determination of the hearing court, which had the advantage of seeing and hearing the witnesses, should not be set aside unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761). Moreover, it cannot be concluded that the officers' testimony consisted of "hopeless contradictions" *(People v Foster,* 64 NY2d 1144, 1147) or was "so flawed that findings as to a witness's credibility made from the unique perspective of the trier of fact must be overridden" *(People v Rivera,* 68 NY2d 786, 788). The testimony of the two detectives was consistent and believable, and there is no basis in the record for setting aside the hearing court's determination as to credibility.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.